132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James D. CARTER, also known as HEAVY D, Defendant-Appellant.
 No. 91-2312.
 United States Court of Appeals, Seventh Circuit.
 Submitted December 8, 1997
Decided December 10, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 90 CR 222; Thomas J. Curran, Judge.
 Before CUMMINGS, BAUER and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James Carter was convicted by a jury of armed bank robbery and sentenced to 78 months to be followed by a five-year period of supervised release. He, along with three other participants in the robbery, were ordered to pay restitution of $19,746. Carter appealed, but his court-appointed attorney filed a motion to withdraw, contending that there were no non-frivolous grounds for appeal. See Anders v. California, 386 U.S. 738 (1967). This court issued an order pursuant to Circuit Rule 51; no response was filed.
 
 
 2
 After examining the attorney's motion and brief and the record, including transcripts of the trial and sentencing proceedings, we conclude that there is no non-frivolous basis for appeal. Carter confessed to his involvement in the robbery although he recanted his confession at trial. Two other participants in the robbery testified as to their involvement and identified Carter as a participant. Any rational jury could have found Carter guilty beyond a reasonable doubt based on the evidence presented at trial. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (court views all evidence and reasonable inferences therefrom in the light most favorable to the government when a defendant challenges his conviction on sufficiency of the evidence grounds). The plain error standard rules out any argument concerning the instructions given in light of the evidence against Carter. See United States v. Huels, 31 F.3d 476, 479 (7th Cir.1994) (applying a plain error standard to jury instruction challenges waived at trial). We also agree that a challenge to the district court's sentence which was within the applicable guideline range or restitution award would be frivolous. See United States v. Simpson, 8 F.3d 546, 551 (7th Cir.1993) (applying a plain error standard to restitution challenges waived at sentencing hearing). Counsel's motion to withdraw, therefore, is GRANTED and the appeal is DISMISSED.